UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| H.J. FOY, | Case No. 15-CV-2326 (JNE/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| B.R. JETT, Warden, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on petitioner H.J. Foy's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241.  *See* Docket No. 1. The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a preliminary review of Foy's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  Based on that review, this Court recommends dismissal of this action.

Foy "was committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4246, by the United States District Court for the Western District of Missouri in 1999, and again on September 13, 2007." *Foy v. Anderson,* Case No. 09-3085-CV-S-RED-H, 2009 WL 4057145, at *1 (W.D. Mo. Nov. 23, 2009).  Section 4246 allows for the civil commitment of a person in the custody of the Federal Bureau of Prisons whose custody is otherwise soon scheduled to expire, but who suffers "from a mental disease or defect as a result of which his

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although Foy seeks relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases nevertheless apply here.  *See* Rule 1(b).

release [from custody] would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." 18 U.S.C. § 4246(a). Foy is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). On May 1, 2015, Foy filed a petition for a writ of habeas corpus under § 2241 in this District. That petition is now under consideration by this Court.

Foy has filed two substantively similar habeas petitions in this District, with the most recent filed only one month ago (and denied only a few days ago). *See Foy v. United States Government*, No. 15-CV-1901 (D. Minn. filed Apr. 9, 2015); *Foy v. Jett*, No. 14-CV-5063 (JNE/LIB) (D. Minn. filed Dec. 22, 2014). This Court recommends that Foy's current habeas petition be denied for the same reasons his previous petitions were denied, as explained below.

Foy's petition is nearly incomprehensible, but it can fairly be interpreted as raising two claims against his ongoing civil detention.[2] The first claim raised by Foy is that the civil-commitment procedures set forth in 18 U.S.C. §§ 4246 and 4247 are *per se* unconstitutional — that is, Foy claims that no court ever had the lawful authority to commit him to the custody of the United States Attorney's Office, and that his civil commitment therefore has been illegal from the very beginning. As this Court has repeatedly explained to Foy, however, this claim is squarely foreclosed by the case law of this circuit. *See Archuleta v. Hedrick*, 365 F.3d 644, 648

---

[2]It does not appear that Foy is challenging the *conditions* of his confinement at FMC-Rochester, only the fact that he *is* confined. To the extent that he is attempting to raise conditions-of-confinement claims, such claims are not cognizable in a habeas petition, but must instead be brought in a civil-rights action. *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996); *Taylor v. Roal*, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010). If Foy is in fact attempting to plead conditions-of-confinement claims in his habeas petition, those claims are simply too incomprehensible to entitle him to relief, and this Court would therefore recommend that any such claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(8th Cir. 2004) (citing *Phelps v. United States*, 831 F.2d 897, 898 (9th Cir. 1987)). "The statutory procedure and substantive standard [for civil commitment] are clearly constitutional." *Id*.

The second claim suggested by Foy's petition is that, even if the *initial* decision to detain him was lawful, there is no lawful basis to *continue* detaining him at FMC-Rochester. The writ of habeas corpus, however, "is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648 (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)). The statutes under which Foy was committed provide a procedure for a person in Foy's situation to seek release from their detention. Specifically, "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . ." 18 U.S.C. § 4247(h). This alternative statutory remedy is available to Foy and therefore precludes habeas relief in this case.[3] *See Archuleta*, 365 F.3d at 648-49.

Finally, the Eighth Circuit has, in similar circumstances, described as "permissible and appropriate" the transferring of a habeas petition to the district in which a motion under § 4247(h) must be brought. *See Archuleta*, 365 F.3d at 649. Nevertheless, this Court recommends dismissal, rather than transfer, of Foy's habeas petition. Foy is a serial litigant in the Western District of Missouri, and countless efforts by Foy to secure his release from civil

---

[3]Foy, acting through counsel, moved as recently as September 2014 in the Western District of Missouri under § 4247(h) for release from his continuing civil detention. *See United States v. Foy*, No. 6:05-cv-03590-MDH (W.D. Mo. filed Dec. 21, 2005). That motion was denied on October 21, 2014. *Id*.

detention have been denied by that court over the years. *See, e.g.*, *Foy v. United States*, 6:14-CV-3465-MDH (W.D. Mo. Oct. 20, 2014). Many of the documents filed by Foy in that district are similar to those filed in this case. *See id*. The transfer of the present petition for yet another inevitable denial by a different court serves neither Foy's interests nor the interests of judicial economy.

Because it plainly appears from Foy's habeas corpus petition that he is not entitled to relief, this Court recommends that his petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner H.J. Foy's petition for a writ of habeas corpus [Docket No. 1] be DENIED.

2. Foy's motion to proceed *in forma pauperis* [Docket No. 2] be DENIED.

3. This action be DISMISSED.

Dated: May 11, 2015         s/Leo I. Brisbois
                            Leo I. Brisbois
                            U.S. MAGISTRATE JUDGE

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14

days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.